ACCEPTED
15-25-00102-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/12/2025 9:20 AM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00102-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/12/2025 9:20:03 AM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS
## FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS
## AT AUSTIN, TEXAS

## IN RE FORT BEND COUNTY,
### Relator,

## RELATING TO
## TRIAL COURT CAUSE NO. 2024-78536
## 11TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS
## THE HONORABLE KRISTEN B. HAWKINS, PRESIDING JUDGE

## RELATOR FORT BEND COUNTY'S REPLY BRIEF
## IN SUPPORT OF ITS
## PETITION FOR WRIT OF MANDAMUS

Dean G. Pappas
Texas Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
Texas Bar No. 12986800
mmarkantonis@dgplawfirm.com
Lisa M. Teachey
Texas Bar No. 24056416
lteachey@dgplawfirm.com
Marilyn G. Allen
Texas Bar No. 24025225
mallen@dgplawfirm.com
Dean G. Pappas Law Firm, PLLC
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone:  713-914-6200
Telecopier:  713-914-6201

**COUNSEL FOR RELATOR**
**FORT BEND COUNTY**

NO. 15-25-00102-CV

**IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS
AT AUSTIN, TEXAS**

**IN RE FORT BEND COUNTY,**
**Relator,**

**RELATING TO
TRIAL COURT CAUSE NO. 2024-78536
11TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS
THE HONORABLE KRISTEN B. HAWKINS, PRESIDING JUDGE**

**RELATOR FORT BEND COUNTY'S REPLY BRIEF
IN SUPPORT OF ITS
PETITION FOR WRIT OF MANDAMUS**

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEAL:

Relator Fort Bend County files its Reply Brief in support of its Petition for Writ of Mandamus as follows:

## I.
## OBJECTIONS TO HEILIGER'S STATEMENT OF FACTS

Relator Fort Bend County ("Fort Bend") objects to Real Party in Interest Joshua Heiliger's statement of facts that the Administrative Law Judge entered the deposition subpoena at issue over Heiliger's written objection. See Heiliger's Response at page 9. On January 24, 2025, Fort Bend County submitted an amended request for a Deposition Subpoena, effectively replacing the December

1

27, 2024 motion for subpoena. (CR 387-399) While Mr. Heiliger indicated he was opposed to the amended motion for the new Deposition Subpoena in a conference with Fort Bend County's counsel, Mr. Heiliger filed no objection. Administrative Law Judge Okonkwo granted Fort Bend County's Deposition Subpoena of Dr. Marcellus on January 27, 2025. (CR401-402, 5RR2, Appendix C). This subpoena was now a deposition subpoena, which was substantively different from the previous subpoenas. Mr. Heiliger filed no objection at the Division, nor a motion to quash, nor a motion seeking protection. Mr. Heiliger filed no written objection to the subpoena at issue here and has not pointed to anything in the record showing otherwise.

## II.
## ARGUMENT AND AUTHORITY

### 1. MANDAMUS IS PROPER

Mandamus is proper because an Appeal would not provide Relator Fort Bend County an adequate remedy. Texas Civil Practice & Remedies Code § 51.014 does not allow Fort Bend to argue jurisdiction when appealing the granting of injunctive relief because Fort Bend has waived sovereign immunity for the limited purpose of providing workers' compensation as a self-insured governmental entity. Fort Bend is not and cannot claim as a governmental entity in

2

this instance that it is immune from a District Court's judicial review power of a final Appeals Panel Decision in a workers' compensation dispute.

While CPRC 51.014 provides an appellate remedy on the merits of the injunction granted by the District Court, such relief would not address the subject matter jurisdiction surrounding this workers' compensation proceeding.

Fort Bend must seek extraordinary relief in this case because the judicial appropriation of state agency authority would be a clear disruption of the "orderly processes of government" which the Texas Supreme Court has found is one of a few circumstances when a party may seek extraordinary relief despite a remedy available by appeal. See *In re Entergy Corp.*, 142 S.W.3d 316, 320-231 (Tex. 2004) (orig. proceeding). "This disruption, coupled with the hardship imposed. . . by a postponed appellate review, warrants an exception to our general proscription against using mandamus to correct incidental trial court rulings." *Id.*

Fort Bend County contemporaneously filed an Appeal on the merits of the injunction granted by the District Court to ensure it met all appellate deadlines in the event this Petition for Writ of Mandamus was denied. Appellant respectfully requests this Court to take up the jurisdiction matter presented in this mandamus proceeding before consideration of the Appeal.

3

## 2. *OTEKA* DOES NOT APPLY

Fort Bend filed its Petition for Writ of Mandamus on June 12, 2025. One day later the Texas Supreme Court issued its opinion in *Univ. of Tex. Rio Grande Valley v. Oteka*, 715 S.W. 3d 734, 743 (Tex. 2025). Although Fort Bend sought leave to amend its Petition one week afterward, the amendment was to correct record cites. Fort Bend now will address *Oteka* and its reach relating to jurisdiction in workers' compensation matters. Fort Bend maintains that *Oteka* is distinguishable from the matter at bar.

The basis of Fort Bend's Petition for Writ of Mandamus is whether the 11th District Court has subject matter jurisdiction over a discovery issue involving a claim properly pending before the Texas Division of Workers' Compensation ("Division"). Put simply, Real Party in Interest Joshua Heiliger ("Mr. Heiliger") is asking the Division to determine course and scope of employment but in the same breath – and in total disregard for the Texas Legislature's grant of discovery authority for administrative hearings -- is asking the 11th District Court to bar the Division from allowing discovery to decide that issue.

*Oteka* is not applicable in this instance.

The holding in *Oteka* is not that the Division never has exclusive jurisdiction to decide issues of compensability. Rather, the holding in *Oteka* is simply that blanket statements that the Division has exclusive jurisdiction to determine course

4

and scope of employment are not proper in a limited set of cases, like when the claim is not within the compensability context. The *Oteka* case was about a tort claim outside the scope of workers' compensation in which the Defendant tried to use Division of Workers' Compensation jurisdiction to wrangle the best posture for its liability coverage for the tort allegation.

Rita Oteka, an employee of the University of Texas Rio Grande Valley, was walking when she was struck by a vehicle driven by a university police officer. *Id.* 736-37. Although the University reported the injury to its workers' compensation claims administrator, Ms. Oteka from the start told the University she was going to use her personal insurance. *Id.* at 737. She was voluntarily attending an event on campus to support a former student. *Id.* at 736-37. At the time, the University already had decided the claim did not occur in the course and scope of her employment. *Id.* Ms. Oteka did not challenge that decision. *Id.* at 737. More than a year after her injury, Ms. Oteka sued the police officer for negligence. *Id.* The University provided his defense. *Id.* For the first time, the University alleged the injury occurred in course and scope of employment, so Ms. Oteka was barred from any common-law claims against the University because the Division of Workers' Compensation had exclusive jurisdiction in matters regarding workplace injuries. *Id.*

5

The Texas Supreme Court took up the *Oteka* matter to settle the split of authority regarding the Division's jurisdiction in very particularized fact patterns involving questions of course and scope of employment. *Id.* at 739.

The Court found that Oteka's personal-injury claim was not predicated on entitlement to workers' compensation. *Id.* at 741. The Court pointed out that even the University maintained for three years that Ms. Oteka's claim was outside the course and scope of her employment. *Id.* Based on the facts of Ms. Oteka's claim, the Court reasoned that the initial determination of "any" course and scope issue does not fall within the Division's exclusive jurisdiction. *Id.*

The Texas Supreme Court's holding in *Oteka* was very narrowly drawn. *Id.* at 743.

"We conclude that the Act does not manifest a legislative intent that this unusual process should be the exclusive means for determining the course-and-scope issue when an employer raises it by an affirmative defense to an employee's lawsuit." *Id.*

The Court held that ". . . the Division does not have exclusive jurisdiction to determine whether an injury occurred in the course and scope of employment when (1) the employer raises the issue as an affirmative defense outside the compensability context and (2) the employee's requested relief does not depend on any entitlement to benefits." *Id.* at 744.

6

The *Oteka* Court disapproved of the following holdings:

- *In re Tex. Mut. Ins. Co.*, No. 04-24-00386-CV, 2025 WL 610877, **at \*4, \*7** (Tex. App.—San Antonio Feb. 26, 2025, orig. proceeding);

- *In re Prentis*, 702 S.W.3d 762, **769-74** (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding);

- *In re Hellas Constr., Inc.*, No. 03-21-00182-CV, 2022 WL 2975702, **at \*4-5** (Tex. App.—Austin July 28, 2022, orig. proceeding [mand. denied]);

- *Berrelez v. Mesquite Logistics USA, Inc.*, 562 S.W.3d 69, **74-75** (Tex. App.—San Antonio 2018, no pet.); and

- *In re Tyler Asphalt & Gravel Co.*, 107 S.W.3d 832, **839-40, 843** (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

*Id.* at 744, FN 51, (emphasis of page numbers added).

*Oteka* did not overturn *Prentis*, *Berrelez*, and *Tyler Asphalt* in their entirety. And Fort Bend did not cite those cases for the premise that the Division always has exclusive jurisdiction over course and scope. Fort Bend did not cite *Berrelez* on pages 74 and 75 at all.[1] Fort Bend did cite *Prentis* and *Tyler Asphalt* on the pages *Oteka* referenced because at the time Fort Bend filed its Petition for Writ of Mandamus, those were the precedent for course and scope jurisdiction. However, Fort Bend just as readily can make its argument relying on *Oteka* and the other cases cited in its Petition.

Mr. Heiliger has never claimed his request for death benefits compensation is not properly before the Division. More importantly, Mr. Heiliger's claim

---

[1] Although Fort Bend did cite *Berrelez* at page 73, the cite quoted *Tyler Asphalt* on the pages *Oteka* disapproved.

absolutely depends on entitlement to workers' compensation benefits. In this context, the Division does have exclusive jurisdiction and its discovery procedures and remedies apply under the following statutes and rules:

- o **Texas Labor Code § 410.003** – Restricts the application of Chapter 2001 of the Government Code (Administrative Procedure Act) in workers' compensation administrative proceedings unless specifically provided in Chapter 410 of the Act (Appendix P);

- o **Texas Labor Code § 410.157** – Authorizes the promulgation of rules for conducting contested case hearings at the Division (Appendix Q);

- o **Texas Labor Code § 410.158** – Authorizes limited discovery during the dispute resolution process at the Division (Appendix R);

- o **Texas Labor Code § 410.162** – Allows, for good cause shown, that a party may obtain permission from the administrative law judge to conduct additional discovery as necessary (Appendix S) ;

- o **Texas Labor Code § 410.165** -- Authorizes the administrative law judge as the sole judge of the relevance and materiality of the evidence offered and of the weight and credibility to be given to the evidence (Appendix U);.

- o **28 Tex. Admin. Code § 141.4** -- Pertinent information at a benefit review conference is defined as all information relevant to the resolution of the disputed issue or issues to be addressed at the benefit review conference, including but not limited to, among other things, the injured employee's medical records (Appendix W);

- o **28 Tex. Admin. Code § 142.2** -- Authorizes the authority of the Division ALJ to, among other things, issue a subpoena on its own motion or at the request of a party if the ALJ determines the party has a good cause, rule on admissibility, and determine the weight and credibility of evidence (Appendix Y);

- o **28 Tex. Admin. Code § 142.12** -- Allows the Division ALJ to issue a subpoena on its own motion or at the request of a party upon a determination of relevancy to the disputed issue (Appendix Z);

- o **28 Tex. Admin. Code § 142.13** – Authorizes the Division ALJ to grant a party permission to conduct discovery beyond that described in Texas Labor Code § 410.158 upon a showing of good cause at a hearing held for this purpose (Appendix AA); and

8

- **28 Tex. Admin. Code § 142.1** – Mandates that the only section of the Government Code (Administrative Procedure Act) that applies to the contested cases hearings is Government Code § 2001.201 relating to the enforcement of subpoenas (Appendix X).

By promulgating these statutes and allowing the Texas Department of Insurance to adopt rules to enforce the provisions of the Act, the Texas Legislature intended to give the Division full authority to determine course and scope of employment when the issue of compensability is properly before it.

Mr. Heiliger's reliance on *Oteka* is misplaced. As the Texas Supreme Court pointed out in explaining its holding, the Division's exclusive-remedy provision is essential to the Act's continued success. *Oteka* at 744–45.

"We are mindful, as both the University and amicus curiae caution, that some may improperly view our jurisdictional holding as a path to circumvent the statutory scheme and take a shot at a greater tort recovery before seeking benefits," *Id.* But the Texas Supreme Court warned that "legislative and judicial safeguards are in place to maintain the Act's balance of advantage and detriment." *Id.*

## 3. **HEALTH AND SAFETY CODE**

Mr. Heiliger contends that Health and Safety Code § 611 (Appendix K) merely provides a safe harbor for medical providers to disclose confidential information and contends that this statute does not provide a mechanism for piercing the privilege of confidentiality. See Heiliger's Response page 47-48. Fort

Bend would argue that it is much more. A search of Westlaw showed no case law or citing references referring to this statute as a safe harbor. By its plain meaning it should be read as a codification of Texas Rule of Evidence 510(d)(5) (Appendix L). Both of these evidentiary procedures grant authority for the tribunal, whether it be an ALJ or a District Judge, to determine if the mental health records confidentiality privilege should be pierced.

## III.
## CONCLUSION

Fort Bend has stipulated that missteps were made in the administrative discovery process. But those errors were corrected each time Mr. Heiliger pointed them out. The crux of Fort Bend's request for relief is that Mr. Heiliger needs to make the required objection or request for relief that would abate the issuance of the deposition subpoena until either the ALJ or Fort Bend seeks to compel the subpoena pursuant to Government Code 2001.201.

Fort Bend has agreed on the record to go back to the Division and either allow the ALJ to review the records at issue *in camera* or allow Mr. Heiliger to raise some sort of objection or seek some sort of protection. If Mr. Heiliger chooses to lodge a formal objection or formally seek protection, then Fort Bend and/or the ALJ would have to decide whether to pursue compelling compliance with the subpoena under the process mandated by Government Code 2001.201,

10

where Mr. Heiliger would be afforded all the protections he is improperly seeking by trying to circumvent the administrative process.

## **PRAYER**

WHEREFORE, ARGUMENT AND AUTHORITY CONSIDERED, the Relator Fort Bend County respectfully requests the Court to grant this Writ of Mandamus, direct The Honorable Kristen B. Hawkins to vacate her April 2, 2025, Order Denying Fort Bend County's Plea to the Jurisdiction and Motion to Dismiss and her April 2, 2025, Order Granting Temporary Injunction and Setting Trial on Merits and to dismiss this case for lack of subject matter jurisdiction and for such further and other relief to which it may be entitled.

Respectfully submitted,
DEAN G. PAPPAS LAW FIRM, PLLC

By: _____

Dean G. Pappas
Texas Bar No. 15454375
dpappas@dgplawfirm.com
Mary M. Markantonis
Texas No.12986800
mmarkantonis@dgplawfirm.com
Lisa M. Teachey
Texas Bar No. 24056416
lteachey@dgplawfirm.com
Marilyn J. Allen
Texas Bar No. 24025225

11

mallen@dgplawfirm.com
8588 Katy Freeway, Suite 100
Houston, Texas 77024
Telephone: 713-914-6200
Telecopier: 713-914-6201

ATTORNEYS FOR RELATOR
FORT BEND COUNTY

## RULE 52.3(J) CERTIFICATION

In compliance with Rule 52.3(j) of the Texas Rules of Appellate Procedure, I certify that I have reviewed the Relator's Reply in support of its Petition for Writ of Mandamus and have concluded that every factual statement in the reply is supported by competent evidence included in the record.

Lisa M. Teachey

## CERTIFICATE OF COMPLIANCE

This reply brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(3) because this reply brief consists of 2,267 words as determined by Microsoft Word Count, excluding the parts of the reply brief exempted by TEX. R. APP. P. 9.4(i)(1).

Lisa M. Teachey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Reply Brief in Support of its Petition for Writ of Mandamus, including any and all attachments, was served on counsel of record by using the Court's e-filing system and on The Honorable Kristen B. Hawkins via email to her Court Coordinator, Jackie Struss, on the 12th day of August, 2025, addressed as follows:

*Via eFile through the electronic filing manager*
Russell L. Morris
Pablo A. Franco
Andrew W. Bruce

McBryde Franco, PLLC
11000 Richmond Avenue, Suite 350
Houston, Texas 77042

*Attorneys for Joshua Heiliger, Individually and on Behalf of the Estate of Lauren Brittane Smith, Deceased, and on Behalf of Death Benefits Beneficiaries Joshua David Heiliger and Emma Destiny Heiliger, Real Party in Interest*

*__Via eFile through the electronic filing manager__*
Ken Paxton
Brent Webster
Ralph Molina
James Lloyd
Ernest C. Garcia
Sherlyn Harper
Office of the Attorney General of Texas
808 Travis Street, Suite 1520
Houston, Texas 77002

James Z. Brazell
Assistant Attorney General, Administrative Law Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548

*Attorneys for Francesca Okonkwo, Administrative Law Judge in her official capacity, Real Party in Interest*

*__Via eFile through the electronic filing manager__*
LaVerne Chang
511 Lovett Blvd.
Houston, Texas 77006

*Attorney for Greater Houston Psychiatric Associates, PLLC, Real Party in Interest*

*__Via email to jackie_struss@justex.net__*
The Honorable Kristen B. Hawkins
c/o Jackie Struss, Coordinator
jackie_struss@justex.net

11th Civil District Court
Harris County Civil Courthouse
201 Caroline, 9th Floor
Houston, Texas 77002

*Respondent*

Lisa M. Teachey

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Hope Furlow on behalf of Lisa Teachey
Bar No. 24056416
hfurlow@dgplawfirm.com
Envelope ID: 104249769
Filing Code Description: Response
Filing Description: RELATOR FORT BEND COUNTY'S REPLY BRIEF IN SUPPORT OF ITS PETITION FOR WRIT OF MANDAMUS
Status as of 8/12/2025 9:24 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Markantonis | | mmarkantonis@dgplawfirm.com | 8/12/2025 9:20:03 AM | SENT |
| Laverne Chang | 783819 | chang@cardwellchang.com | 8/12/2025 9:20:03 AM | SENT |
| Marilyn Allen | 24025225 | mallen@dgplawfirm.com | 8/12/2025 9:20:03 AM | SENT |
| James Brazell | 2930100 | james.brazell@oag.texas.gov | 8/12/2025 9:20:03 AM | SENT |
| Sherlyn Harper | 24093176 | sherlyn.harper@oag.texas.gov | 8/12/2025 9:20:03 AM | SENT |
| Russell Morris | 24099150 | serv.russell@mf-txlaw.com | 8/12/2025 9:20:03 AM | SENT |
| Hope Burnett-Furlow | | hfurlow@dgplawfirm.com | 8/12/2025 9:20:03 AM | SENT |
| Pablo Franco | 24121625 | serv.pablo@mf-txlaw.com | 8/12/2025 9:20:03 AM | SENT |
| Andrew Bruce | 24113627 | serv.andrew@mf-txlaw.com | 8/12/2025 9:20:03 AM | SENT |
| Lisa M.Teachey | | lteachey@dgplawfirm.com | 8/12/2025 9:20:03 AM | SENT |
| Tanisha Doublin | | tdoublin@dgplawfirm.com | 8/12/2025 9:20:03 AM | SENT |
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 8/12/2025 9:20:03 AM | SENT |
| Dean Pappas | | dpappas@dgplawfirm.com | 8/12/2025 9:20:03 AM | SENT |
| Meridith Fischer | | Meridith.Fischer@oag.texas.gov | 8/12/2025 9:20:03 AM | SENT |
| Jacquelyn Compton | | admin@dgplawfirm.com | 8/12/2025 9:20:03 AM | SENT |
| Jackie Struss | | jackie_struss@justex.net | 8/12/2025 9:20:03 AM | SENT |
| Joshua DavidHeiliger, et al. | | serv.russell@mf-txlaw.com | 8/12/2025 9:20:03 AM | SENT |
| Veronica Gonzalez | | veronica_gonzalez@justex.net | 8/12/2025 9:20:03 AM | SENT |